**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                        Case No. 3:12-cr-161-J-99MMH-MCR

ALAN CHUNG DAM

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Suppress and Memorandum (Dkt. No. 43; Motion), filed on October 22, 2012.[1] The government opposes Defendant's Motion. See United States' Response to Defendant's Motion to Suppress (Dkt. No. 36; Response), filed on November 6, 2012. The Motion was referred to the Honorable Monte C. Richardson, United States Magistrate Judge, to conduct an evidentiary hearing and recommend an appropriate resolution. Accordingly, Judge Richardson held an evidentiary hearing on November 8, 2012. See Clerk's Minutes (Dkt. No. 50). On November 16, 2012, Judge Richardson entered a Report and Recommendation (Dkt. No. 45; Report) recommending that the Motion be denied. See Report at 15. Thereafter, Defendant filed objections to the Report, see Objections to Report and Recommendation (Dkt. No. 46; Objections), and the government responded, see United States' Response to

---

[1] The Motion was originally filed by Defendant Jonathan Armando Cardona on October 19, 2012. See Motion to Suppress and Memorandum (Dkt. No. 28). Defendant, Alan Chung Dam, adopted the Motion on October 22, 2012. See Clerk's Minutes (Dkt. No. 31). As Defendant Jonathan Armando Cardona entered a plea of guilty on November 7, 2012, see Report and Recommendation (Dkt. No. 42), the Motion was refiled in Alan Chung Dam's case as docket number 43. Accordingly, the Court will construe the Report and Recommendation as resolving the Motion filed at docket number 43, and will deny as moot the motion previously filed as to Defendant Jonathan Armando Cardona.

Defendant's Objections to Report and Recommendation on Motion to Suppress (Dkt. No. 49; Response to the Objections). Accordingly, this matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[2]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[3] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[3] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

recommendation is required only where an objection is made[4], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Defendant's Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Objections to Report and Recommendation (Dkt. No. 46) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 45) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress and Memorandum (Dkt. No. 43) is **DENIED**.

4. Defendant, Jonathan Armando Cardona's Motion to Suppress (Dkt. No. 28) is **DENIED as MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of January, 2013.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

[4] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

ja

Copies to:

Counsel of Record